JOSIAH L. JAMES
*v.*
HENRY C. MOREY.

1. STATUTE OF FRAUDS — *where a parol promise has been performed.* Where one party made a verbal promise to give another a certain sum of money if the latter would marry within a year, and upon his marrying the money was voluntarily paid, it cannot be recovered back, whether this promise was originally within the statute of frauds or not.

2. SAME — *how to raise the question as to the application of the statute.* In this case, the party who made the promise to give the sum of money to the other if he would marry, brought suit against him to recover a debt, and on the trial the defendant set up a credit which he had entered in his favor on the plaintiff's books, as he alleged, with the plaintiff's consent, of a residue of the sum which the plaintiff had promised to give him, he having married within the time stipulated. The plaintiff, to raise the question whether his promise to the defendant was not within the statute of frauds, moved to exclude all the evidence on that subject. This was held not to be the proper mode of presenting that question; the proper course was to ask the court to instruct the jury that they were to disregard all evidence touching the promise of the plaintiff, unless they believed from the testimony that he had authorized the defendant to enter the credit, or had assented to such entry after it was made, and they were not to allow the amount thus credited merely because it had been promised.

3. PRACTICE — *obviating error by concessions from the opposite party.* Where the plaintiff in a suit, who has a verdict returned in his favor, asks a new trial on the ground that the verdict is too small, it is not error for the court to state, that the new trial will be allowed unless the defendant will consent that the verdict shall be raised to the amount shown by the instrument sued on to be due, and upon such consent being given, to enter the judgment accordingly.

4. VERDICT IN DEBT — *the proper form thereof.* In an action of debt to recover rent due upon a lease, the jury returned a verdict for the plaintiff for a given sum, specifying neither debt nor damages, and the clerk improperly recorded it as a verdict for damages; it should have been treated as a finding for the debt.

5. SAME — *whether such improper entry of the verdict is ground of reversal.* But, in order to avoid the granting of a new trial on the motion of the plaintiff, on the ground that the verdict was too small, the defendant consented that it should be raised to a larger sum; and, the judgment being so entered, the act of the clerk in entering the original verdict in damages was not considered a sufficient reason for reversing the judgment.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Mr. GEORGE W. THOMPSON, for the appellant.

Mr. JOSHUA C. KNICKERBOCKER and Messrs. RUNYAN & AVERY, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by James against Morey, for rent. The defendant was in the employment of plaintiff as clerk, and the plaintiff promised him, if he would marry within a year, to give him one thousand dollars. He did marry, and the plaintiff gave his wife a lot worth five hundred dollars. He allowed the rent to run until the sum of $637.50 had accrued, and then credited himself on the books of plaintiff with $500, as the balance of the one thousand. Both parties testified, and it is at this point that the substantial difference between them begins. The defendant swore that this credit of $500 was talked over between the plaintiff and himself in the office, and the plaintiff assented to the credit. This is denied by the plaintiff, who testifies there was no such conversation, and that he did not know of the entry for more than a year after it was made. On this point the jury seem

23 — 44TH ILL.

to have given credence to the defendant, and the matter was within their exclusive province.

It is urged, however, that this promise to pay the thousand dollars was within the statute of frauds. The only mode in which the plaintiff sought to raise this question was by a motion to exclude all the evidence upon that subject. This motion was properly refused, because, even if the promise had been within the statute, its complete performance, if the testimony of the defendant was true, made the statute inapplicable. The testimony of the defendant as to the express authority given him by the plaintiff to enter the credit of $500 may have been true or false, but the court had no right to determine it was false, as it would have done by allowing the plaintiff's motion to suppress all testimony relating to the promise. If this testimony of defendant was true, the statute of frauds had nothing to do with the case. The thousand dollars, according to this evidence, had been voluntarily paid, and could not be recovered back, whether the promise was originally within the statute or not. In order to present this question, the plaintiff should have asked the court to instruct the jury that they were to disregard all evidence touching the promise to pay the thousand dollars, unless they believed from the testimony that the plaintiff had authorized the defendant to enter the credit of $500, or had assented to such entry after it was made, and they were not to allow the $500 merely because it had been promised.

As the record stands, the question raised in the argument is not before us, and we do not decide whether the promise to pay the thousand dollars was one which could have been enforced by defendant or not.

The jury found a verdict for $26.48, which was admitted to be insufficient, and the court, on the motion for a new trial, held, that the motion would be allowed, unless the defendant would consent that the verdict should be raised to $144.54, the amount due by the lease. The defendant consented, and the judgment was so entered. It was decided by this court in the case of *Carr* v. *Minor,* 42 Ill. 179, that this was not error.

An objection is also taken to the form of the verdict, which, as returned by the jury, was for $26.48 for the plaintiff, specifying neither debt nor damages. The clerk improperly recorded it' as a verdict for damages, but it should have been treated as a finding for the debt. A judgment was entered for the increased amount, and we do not consider the act of the clerk in entering the original verdict in damages, a sufficient reason for reversing the judgment.

*Judgment affirmed.*