New England Tree Expert Co., Inc.
vs.
United Electric Railways Company

No. 83799.

August 18, 1932.

FROST, J. Heard on plaintiff's and defendant's motions for new trial after verdict for plaintiff for $168.85.

Plaintiff contends that the damages are inadequate; that they should have been $308.85. It prays that the Court raise the verdict to the latter amount

and if that be not done that a new trial be granted on damages only.

The motion of defendant is based upon the usual grounds.

From the evidence it appeared that on the morning of April 16, 1930, an electric car belonging to the defendant was proceeding easterly on Warren Avenue in the town of East Providence. While this car was moving and while it was between cross streets and white poles, the operator opened the door and a young man attempted to leave the car. A truck belonging to the plaintiff, to the right of the electric car and going in the same direction, was about to pass the car and to avoid striking the alighting passenger the operator of the truck drove his machine into a post, thereby damaging the automobile. There was testimony that repairs to the value of $168.85 had been made and that additional damage to the extent of $140 had been caused, which damage at the time of the trial had not been repaired. It would seem that plaintiff if entitled to recover at all was entitled to recover the sum of $308.85.

Counsel for plaintiff in his brief contends that the Court has the power and should in the instant case raise the verdict to $308.85.

The statutes of this state do not appear to give, in terms at least, this power to the Court and the Court is not convinced from the authorities given that it has the inherent power to raise the verdict. In one case submitted, the verdict was raised with the consent of the defendant. *James* vs. *Mowry*, (1867) 44 Ill. 352. In others, the Court's authority was derived from statutes. *Frauenthal* vs. *Morton*, (1921) 149 Ark. 148; *Ellerson Co.* vs. *C. & O. Ry. Co.*, (1928) 149 Va. 809. In no case that the Court has seen does it clearly appear that the trial court had at common law the power to raise the verdict. It therefore seems that the only power which the Court has here is the authority frequently exercised; namely, to grant a new trial on the ground of inadequacy of damages.

There are comparatively few actions of negligence where the liability is so fixed that the Court will grant a retrial on the sole issue of damages. In the present case the liability is certainly not unquestioned. The amount of the verdict itself indicates rather closely that the members of the jury were at odds on the question of liability but reached an agreement by a compromise on damages.

The Court will therefore exercise its prerogative of granting a new trial on all issues.

*Clark* vs. *N. Y., N. H. & H. R. R. Co.*, (1911) 33 R. I. 83 at 103.

Plaintiff's motion for new trial granted, the same to be on all issues.

Defendant's motion for a new trial on the grounds submitted is denied.

For plaintiff: Edward W. Lincoln.

For defendant: Clifford Whipple, Frank McGee.