Harry Yep Hong, and Mary Stenson, Plaintiffs Below. Harry Yep Hong, Appellee, v. George Williams, Defendant Below, Appellant.

Gen. No. 46,530.

First District, First Division.

June 13, 1955.

Released for publication September 15, 1955.

Clausen, Hirsh & Miller, of Chicago, for defendant-petitioner.

Kamin & Gleason, of Chicago, for plaintiff-respondent.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Harry Yep Hong and Mary Stenson sued George Williams to recover damages for injuries suffered as a result of being struck by defendant's automobile. A trial resulted in a verdict assessing damages in favor of Hong for $1,000 and in favor of Mary Stenson for $100. Plaintiffs filed a motion for a new trial on the ground that the damages were inadequate and contrary to the manifest weight of the evidence and that counsel for the defendant made prejudicial remarks which improperly influenced the jury. The court ordered that the defendant consent to an increase of $1,000 in the amount of the verdict, making a total of $2,000, and file within ten days a consent to the additur, "in which event the court enters judgment on such amended verdict of $2,000." The order concluded that if the defendant did not file a consent to the additur within ten days that the motion for a new trial be granted. The defendant refused to consent to the additur. The court thereupon entered an order granting a new trial to Hong. The order did not allow a new trial to Mary Stenson. Defendant's petition for leave to appeal from the order granting a new trial to Hong, hereinafter called the plaintiff, was allowed.

The defendant insists that in a tort action where the plaintiff seeks unliquidated damages the trial judge has no power to increase the judgment by additur. He states that while he believes he is not liable and that the damages awarded by the jury are excessive, he was willing to abide by the verdict, and that as a result of the action of the trial judge, unsupported by authority, he is confronted with the prospect of the expense and burden of a new trial. The plaintiff does not argue that the court had authority to impose an additur and insists that the trial judge did not abuse his discretion in granting a new trial.

457

In Dimick v. Schiedt, 293 U. S. 474, the court said (486):

"The controlling distinction between the power of the court and that of the jury is that the former is the power to determine the law and the latter to determine the facts. In dealing with questions like the one now under consideration, that distinction must be borne steadily in mind. Where the verdict returned by a jury is palpably and grossly inadequate or excessive, it should not be permitted to stand; but, in that event, both parties remain entitled, as they were entitled in the first instance, to have a jury properly determine the question of liability and the extent of the injury by an assessment of damages. Both are questions of fact. Where the verdict is excessive, the practice of substituting a remission of the excess for a new trial is not without plausible support in the view that what remains is included in the verdict along with the unlawful excess—in that sense that it has been found by the jury—and that the remittitur has the effect of merely lopping off an excrescence. But where the verdict is too small, an increase by the court is a bald addition of something which in no sense can be said to be included in the verdict. When therefore, the trial court here found that the damages awarded by the jury were so inadequate as to entitle plaintiff to a new trial, how can it be held, with any semblance of reason, that that court, with the consent of the defendant only, may, by assessing an additional amount of damages, bring the constitutional right of the plaintiff to a jury trial to an end in respect of a matter of fact which no jury has ever passed upon either explicitly or by implication? To so hold is obviously to compel the plaintiff to forego his constitutional right to the verdict of a jury and accept 'an assessment partly made by a jury which has acted improperly, and partly by a tribunal which has no power to assess.' . . . It is worthy of note that while for more than a century the federal courts have

458

followed the approved practice of conditioning the allowance of a new trial on the consent of plaintiff to remit excessive damages, no federal court, so far as we can discover, has ever undertaken similarly to increase the damages, although there are numerous cases where motions for a new trial have been made and granted on the ground that the verdict was inadequate. [Citing cases.] This, it is true, is but negative evidence; but it is negative evidence of more than ordinary value. For, when we consider that during the great length of time mentioned, the federal courts were constantly applying the rule in respect of the remission of excessive damages, the circumstance that the practice here in question in respect of inadequate damages was never followed or, apparently, its approval even suggested, seems highly significant as indicating a lack of judicial belief in the existence of the power."

In the Dimick case the plaintiff's consent to the additur was neither required nor given. In the instant case the record does not show that plaintiff's consent was required or given and the defendant refused to consent. Despite the factual difference the pronouncements in the Dimick case state the view of the Illinois courts of review.

In Carr v. Miner, 42 Ill. 179, a suit in assumpsit to recover a liquidated sum of money wrongfully appropriated by the defendant, the jury allowed interest at six per cent. The evidence showed that the defendant always recognized his liability to pay ten per cent, which at that time was lawful. Plaintiff filed a motion for a new trial, which, upon the defendant agreeing that the verdict should be raised, was overruled and judgment entered for plaintiff for the increased amount. The court said (192):

"If there were no other grounds requiring a new trial to be granted, and we see none, then, when that was corrected, there was no error in overruling the motion.

459

It was a case in which the amount could be calculated with certainty when the basis was found. The practice is one that should be sparingly indulged, and should never be adopted except in clear cases."

In James v. Morey, 44 Ill. 352, an action for rent, the jury returned a verdict for $26.48. The plaintiff being dissatisfied, made a motion for a new trial. The trial judge held that the motion would be allowed unless the defendant consented that the verdict be raised to $144.54, such amount patently appearing to be due under the lease. The defendant consented and a judgment was so entered. Plaintiff appealed. On authority of the Carr case the judgment was affirmed. A trial judge in a tort action for the recovery of unliquidated damages is without power to enlarge the verdict of a jury by an arbitrary additur. The device seems to be limited to cases where the inadequacy of the verdict is due to the omission of some specific, definitely calculable item.

In the case at bar the plaintiff did not request the court to impose an additur. He sought a new trial because of the inadequacy of the damages awarded by the jury and also because of improper and prejudicial remarks to the jury. During the argument of the motion for a new trial the trial judge stated that he had erred in permitting defendant to reveal to the jury some notations in a hospital record. In passing on the motion for a new trial, the court said that the reading of the statement from the hospital record "was not proper" and that "the verdict is not enough to compensate him for the injury he sustained." There was evidence that plaintiff suffered an out-of-pocket loss of $1,350, that he was taken to the hospital and remained there three days, was under the care of a physician for fractured ribs, pleuritic pains in his chest and extensive soft tissue injury to his left leg, and that medical treatment for the injuries continued for over four years. There was evidence that plaintiff and his companion walked

across Madison street in the crosswalk when he was struck by the car driven by defendant making a left turn to go east after traveling south.

■ There is support in the record for the contention of plaintiff that the damages are inadequate. The trial judge was without authority to impose an additur. He had the duty and right to grant a new trial on the ground that the damages awarded were against the manifest weight of the evidence. We find that in granting a new trial on this ground that he did not abuse the discretion vested in him. Therefore the order of the circuit court of Cook county granting a new trial is affirmed.

Judgment affirmed.

FRIEND and NIEMEYER, JJ., concur.