ROSEMARIE LEVY, Plaintiff-Appellant, *v.* NARROD MOVING SERVICES, INC., *et al.*, Defendant-Appellees.

Second District   No. 83—66

Opinion filed December 27, 1983.

J. Daniel Azulay, of Azulay & Azulay, of Chicago, for appellant.

Laura R. Petroff, of Charles N. Besser & Associates, of Chicago, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Rosemarie Levy, appeals from the dismissal of her complaint against defendant, Narrod Moving Services, Inc. (Narrod), pursuant to Narrod's motion under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619).

Plaintiff sought to recover damages for the destruction of her personal property, which had been stored in Narrod's warehouse, by a fire which occurred at the warehouse. Plaintiff's complaint sought recovery from Narrod under theories of negligence (count I), *res ipsa loquitur* (count II), and wilful and wanton misconduct (count III). In count IV, she sought a declaratory judgment against Adams Clay Consumer Claims Agency (Adams) and Transport Indemnity Company (Transport) to define the conditions of their liability to plaintiff under an insurance policy. Plaintiff's claim against Adams and Transport was settled for $7,000. Narrod raised this settlement as a bar to plaintiff's cause of action against it, claiming that the settlement "fully satisfied" plaintiff's claim. In its order dismissing plaintiff's complaint the trial court found that "plaintiff's claim has been fully satisfied both *ex contractu* and by statute."

Plaintiff's complaint sets forth the relevant facts in this case. These facts must be taken as true for the purposes of a motion to dismiss. *Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 284, 402 N.E.2d 599; *Clement v. Prestwich* (1983), 114 Ill. App. 3d 479, 479, 448 N.E.2d 1039.

The complaint against Narrod alleges, *inter alia,* the following facts. Plaintiff owned household goods and other personal property with a value of $78,161.17. On March 11, 1978, plaintiff delivered this property to Narrod for storage. Plaintiff agreed to pay $88.92 per month as a storage fee. Plaintiff made these payments. On June 8, 1979, plaintiff's property was totally destroyed by a fire at Narrod's warehouse.

Plaintiff attached a copy of a certificate of insurance to her complaint as Exhibit B. This certificate listed Narrod as the master policyholder and "Named Insured" and listed plaintiff as the "Insured."

The certificate was issued by Transport and indicated that "coverage B" (for property in storage) was to be provided. The "declared value" of the goods in storage at Narrod's address was listed as $7,000, and the certificate of insurance stated that "TRANSPORT'S LIMIT OF LIABILITY IS THE DECLARED VALUE SHOWN ***."

Narrod filed a motion to dismiss on October 7, 1982. In this motion it stated that the declared value of plaintiff's goods was $7,000 and that this was "a specific declaration limiting any liability owed to plaintiff to the stated amount of $7,000 ***." Narrod claimed that this limitation of liability was in accordance with section 7—204 of the Uniform Commercial Code (Ill. Rev. Stat. 1981, ch. 26, par. 7—204). Narrod's motion stated that because plaintiff had received $7,000 in settlement of her claims against Adams and Transport, she had been "fully satisfied according to the terms and conditions of the policy, the Certificate of Insurance, and the Covenant and Agreement," and thus, had been "fully satisfied both *ex contractu* and by statute."

Narrod attached a copy of the "Comprehensive Movers' & Warehousemens' Policy" issued by Transport as Exhibit A. As Exhibit C, Narrod attached a copy of the "Covenant and Agreement" entered between plaintiff and Adams and Transport. In this agreement plaintiff agreed to release all claims against Adams and Transport for $7,000. The agreement also indicated that the $7,000 was in partial settlement of plaintiff's claim against Narrod. In the agreement, the parties expressly reserved plaintiff's right to pursue her claim against Narrod, but agreed that any recovery against Narrod would be reduced by $7,000, the amount received pursuant to the settlement with Adams and Transport and the partial settlement with Narrod. Narrod conceded in the trial court that the terms of the "Covenant and Agreement" were binding upon it.

On November 18, 1982, plaintiff filed an answer to defendant's motion to dismiss in which she admitted that the "declared value" of her goods as stated in the certificate of insurance was $7,000 and that she had requested Narrod to procure insurance coverage for the property to be stored. Plaintiff admitted that she had received $7,000 from Adams and Transport in full satisfaction of any and all claims she had against them.

On December 20, 1982, the trial court granted Narrod's motion to dismiss.

Plaintiff raises the following issues on appeal: (1) whether the release of one obligor releases a co-obligor where the release agreement states that the parties intend otherwise; (2) whether a party who procures an insurance policy for another is a beneficiary of that policy

even if not named as a beneficiary; (3) whether a defendant who acts negligently may escape liability because the plaintiff has been partially compensated by a collateral source; and (4) whether a warehouseman may have his liability limited when he does not limit it in a specific warehouse receipt or storage agreement. Narrod, however, concedes in its appellate brief that the release of Adams and Transport did not release it from liability and that it was not a beneficiary of the insurance policy issued by Transport. Therefore, we need not address the first two issues raised by plaintiff on appeal.

Since Narrod concedes these points, we must focus our attention on plaintiff's contention that application of the collateral-source rule, as it applies to the payment of the $7,000 insurance settlement and Narrod's separate liability, requires us to reverse the order of dismissal.

Plaintiff maintains that her claim against Narrod is not affected by her settlement with Adams and Transport. She contends that the money she received from them was the result of a settlement with her insurer. She argues that because Narrod did not pay any of the insurance premiums, that this payment came from a collateral source, and therefore, that her claim against Narrod remains intact.

Narrod argues that plaintiff cannot maintain this action against it because she has received full satisfaction of her loss. It contends that the $7,000 settlement fully compensated plaintiff for her loss, since the declared value of the property was $7,000, as listed in the certificate of insurance.

■ Generally, when a personal injury is occasioned by the negligence of another, the fact that the injured party has been compensated by insurance does not affect the injured party's right to recover from the negligent party, where the negligent party has not paid the insurance premiums. (*Peterson v. Lou Bachrodt Chevrolet Co.* (1979), 76 Ill. 2d 353, 362-63, 392 N.E.2d 1; *Ross v. Cortes* (1981), 95 Ill. App. 3d 772, 774, 420 N.E.2d 846; *Biehler v. White Metal Rolling & Stamping Corp.* (1975), 30 Ill. App. 3d 435, 444, 333 N.E.2d 716.) This rule, which is generally referred to as the collateral-source rule, is likewise applicable to property losses that have been compensated by insurance. *Eacurco v. Haddad* (1954), 3 Ill. App. 2d 480, 122 N.E.2d 605 (abstract); see also 22 Am. Jur. 2d *Damages* sec. 211 (1965).

■ Here, plaintiff received a settlement for $7,000 for her claim under an insurance policy. Narrod admits in its appellate brief that plaintiff paid the premiums for this insurance. Narrod also admits that it was not a beneficiary of this insurance policy. Since it is clear

that plaintiff had this insurance procured for her own benefit, and that she paid the premiums and was the insured under the policy, we hold that the settlement for $7,000 that she received from Adams and Transport does not bar her cause of action against Narrod. (See *Peterson v. Lou Bachrodt Chevrolet Co.* (1979), 76 Ill. 2d 353, 362-63, 392 N.E.2d 1.) The proceeds of this settlement constituted payment from a collateral source and Narrod cannot claim that these proceeds preclude plaintiff from pursuing her action for damages against Narrod.

The language of the "Covenant and Agreement," which Narrod concedes is binding upon it, expressly provides that plaintiff may pursue her action against Narrod. However, it also provides that any recovery against Narrod would be reduced by $7,000. Thus, plaintiff has expressly agreed to deduct the first $7,000 of any recovery from Narrod, even though under the collateral source rule, she normally could recover from Narrod the amount paid to her by her insurer. While it is not clear from the record, a possible explanation for the inclusion in the "Covenant and Agreement" of this $7,000 reduction in any recovery against Narrod, is that Adams and Transport were negotiating for Narrod as the "master policyholder" and "named insured" under the "Comprehensive Movers' & Warehousemens' Policy" issued by Transport. In any event, the question remains whether plaintiff's claim has been fully satisfied because the $7,000 "partial settlement" with Narrod was actually a "full settlement" because Narrod's liability had been limited to the declared value of $7,000 listed in the certificate of insurance.

Plaintiff urges that Narrod failed to properly limit its liability in a warehouse receipt or storage agreement. She maintains that the certificate of insurance, with its declared value of $7,000, was insufficient to limit Narrod's liability. Therefore, she contends that the trial court could not properly have found that her receipt of $7,000 compensated her for all the damages for which she was entitled to recover.

This alleged limitation of liability was advanced by Narrod below as a basis for dismissing plaintiff's complaint. Narrod claimed that, in the certificate of insurance, it had properly limited its liability to $7,000. Therefore, it maintained that plaintiff's claim had been fully satisfied and that her complaint must be dismissed under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619).

■ Contrary to Narrod's contention that the certificate of insurance accomplishes the same purposes as a warehouse receipt or a

storage agreement, we conclude that on its face, the certificate of insurance is not, as a matter of law, a limitation of Narrod's liability under section 7—204(2) of the Uniform Commercial Code (Ill. Rev. Stat. 1981, ch. 26, par. 7—204(2)). Section 7—204(2) clearly contemplates an express limitation of liability in a warehouse receipt or storage agreement. The certificate of insurance does not meet the statutory requirements of a warehouse receipt (Ill. Rev. Stat. 1981, ch. 111²/₃, par. 128), is not a storage agreement within the contemplation of section 7—204(2), and does not expressly limit Narrod's liability. Therefore, the $7,000 declared value in the certificate of insurance is not a limit of Narrod's liability. Thus, the $7,000 proceeds of plaintiff's settlement with Adams and Transport and partial settlement with Narrod did not fully satisfy her claim.

For the foregoing reasons the order of dismissal entered by the circuit court of Lake County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

UNVERZAGT and HOPF, JJ., concur.