## CIRCUIT COURT OF FAIRFAX COUNTY

Lori Supinger

v.

Gloria Stakes

Case No. (Law) 143388

BY JUDGE ARTHUR B. VIEREGG, JR.

July 23, 1996

On June 11, 1996, a jury returned a verdict in favor of the personal injury plaintiff, Lori Supinger, for $515.50. The amount of the verdict coincided with the emergency room and x-ray expenses Ms. Supinger incurred as a consequence of pain suffered on the evening of an automobile accident caused by the negligence of the defendant, Gloria Stakes.

Ms. Supinger thereafter filed a motion to set aside the jury verdict and for a new trial, arguing that the jury failed to follow the court's instructions in awarding damages. She contends that the evidence demonstrated that she suffered serious neck injuries manifesting themselves in severe and almost debilitating neck pain and headaches. In support of her motion, she notes that even the defense expert testified that she had incurred a stretching and possible tearing of soft tissues.

Ms. Supinger argues that the jury manifestly failed to afford her damages for pain suffered on the evening of the accident or thereafter; lost time from work; or for inconvenience associated with the pain suffered on the evening of the accident.

This Court agrees with the plaintiff that the jury's award was inadequate but finds that additur is appropriate in this case. Va. Code § 8.01-383.1. By the size of the award to the plaintiff, it is clear that the jury concluded that any pain after the day of the accident was minor and that no damages were awarded for lost work or inconvenience. Such a verdict is generally un-

derstandable in view of many circumstances, including the following: (1) Ms. Supinger's continued work after the date of the accident; (2) Ms. Supinger's participation in a health club at times when she professed to be suffering debilitating pain; (3) the testimony of Ms. Stake's expert in rebuttal of that provided by Ms. Supinger's experts; and (4) Ms. Supinger's failure to obtain any medical treatment for almost two months following the accident.

Concluding that $5,000.00 fairly compensates the plaintiff for any pain and suffering, inconvenience, and lost time from work, i.e., damages proven as a matter of law, this Court will require the defendant to elect, within seven days by letter to this Court with a copy to plaintiff's counsel, whether Ms. Stakes will agree to pay Ms. Supinger $5,000.00, inclusive of the damages awarded by the jury, or submit to a new trial. Either party may, of course, protest the Court's requirement of additur.

Finally, contrary to the argument advanced by Ms. Supinger during the hearing of her motion for a new trial, this Court concludes that it may order additur irrespective of whether or not additur is specifically sought by a disappointed plaintiff.

Mr. Jennings is requested to prepare an appropriate order embodying both this decision and Ms. Stake's agreement to pay the augmented damages of $5,000.00.

### August 8, 1996

This Court has received Plaintiff's Motion for Reconsideration dated August 2, 1996. After review of the motion, I conclude that it should be granted solely on the issue of whether additur was appropriate in this case. In particular, Defendant is requested to brief the issue regarding the constitutionality of the Virginia additur statute when unliquidated damages are involved. Plaintiff's Motion for Reconsideration is denied with regard to the other matters raised in its brief.

### September 16, 1996

On June 11, 1996, a jury in the above-captioned case returned a verdict in favor of the plaintiff, Lori Supinger, in the amount of $515.50. On July 8, 1996, Ms. Supinger filed a motion to set aside the jury's verdict and to award her a new trial. By opinion letter of July 23, 1996, I found that the jury's award for plaintiff's damages was inadequate but, pursuant to Virginia Code § 8.01-383.1 ("Virginia Additur Statute"), chose to require the defendant, Gloria Stakes, to pay Ms. Supinger $5,000.00 or submit to a

new trial. On August 1, 1996, Ms. Stakes, under protest, agreed to pay such augmented damages.

On or about August 6, 1996, Ms. Supinger filed a motion requesting that I reconsider my ruling denying her a new trial and awarding additur. By letter of August 8, 1996, I denied Ms. Supinger's motion for reconsideration on all grounds presented except as to her contention that the Virginia Additur Statute violates the United States Constitution and invited Ms. Stakes to file a brief with regard to Ms. Supinger's unconstitutionality argument.

Having considered the authorities presented by counsel and having otherwise reviewed the question presented, I conclude that the Seventh Amendment, which protects a citizen's right to a jury trial in civil cases, only applies to the federal courts. *See, Pearson v. Yewdall*, 95 U.S. 294 (1877); *Walker v. Sauvinet*, 92 U.S. 90 (1876). Accordingly, *Dimick v. Schiedt*, 293 U.S. 474 (1935), which held that a federal court's award of additur was unconstitutional, does not control whether or not the Virginia General Assembly might award additur.

Ms. Supinger presented state court cases precluding additur. However, in each instance, that state had not yet passed an additur statute. *See, Hong v. Williams*, 6 Ill. App. 2d 456 (1955); *Koltz v. Jahaaske*, 312 Ill. App. 623 (1942); *Peterson v. Rawalt*, 95 Colo. 368 (1934). But states enacting additur statutes have invariably upheld them against constitutional challenge. *See, Adams v. Wright*, 403 So. 2d 391 (Fla. 1981); *Kaiser v. Cannon*, 529 S.W.2d 235 (Tenn. Ct. App. 1975); *Zadro v. Snyder*, 464 P.2d 809 (Az. App. 1970).

Since this Court must presume the constitutionality of acts of the General Assembly in the absence of a clear indication that the legislative act is unconstitutionally unsound, (*Bosang v. Iron Belt Building & Loan Ass'n*, 96 Va. 119, 123 (1898); *Working Waterman's Ass'n v. Seafood Harvesters, Inc.*, 227 Va. 101, 110 (1984)), and since Ms. Supinger has failed to demonstrate that the Virginia Additur Statute violates the United States Constitution as alleged, her motion for reconsideration is denied.

Mr. Jennings is requested to prepare an order awarding judgment on behalf of Ms. Supinger against Ms. Stakes in the amount of $5,000.00 and reciting the post-verdict proceedings in this case.

November 18, 1996

On July 23, 1996, I set aside the jury's verdict of $515.50 for the plaintiff, Ms. Supinger, and instead required the defendant, Ms. Stakes, to

either pay Ms. Supinger $5,000.00 or submit to a new trial. Ms. Stakes, under protest, agreed to pay the augmented damages. Subsequently, Ms. Supinger filed a motion for reconsideration. On September 16, 1996, I issued a letter opinion denying Ms. Supinger's claim that my ruling of July 23, 1996, violated her right to a jury trial as guaranteed by the United States Constitution. On October 19, 1996, Ms. Supinger filed a supplemental motion for reconsideration claiming that Virginia Code § 8.01-383.1 (Virginia's "additur statute"), violated Article I, Section 11, of the Virginia Constitution.

After reviewing the authorities presented by counsel, I am unpersuaded that Virginia's additur statute violates a plaintiff's right to a jury trial as guaranteed by the Virginia Constitution. In her supplemental motion for reconsideration, Ms. Supinger concedes that *Dimick v. Schiedt*, 293 U.S. 474 (1935), a 5-4 decision which held that a federal court's award of additur was unconstitutional, does not control whether or not the Virginia General Assembly might codify additur. However, Ms. Supinger argues that the right to a jury trial as guaranteed by the Virginia Constitution is equivalent to, or arguably stronger than, the same right secured by the United States Constitution.[1] Accordingly, Ms. Supinger argues *Dimick* is persuasive authority of the unconstitutionality of Virginia's additur statute pursuant to the Constitution of Virginia.

I reject Ms. Supinger's argument. I find Justice Stone's dissent in *Dimick* to be more persuasive than the reasoning of the majority. In his dissent, Justice Stone wrote:

> Appellate federal courts, although without common law precedent, have not hesitated to resort to the remittitur where, by its use, the necessity of a new trial could justly be avoided [citations omitted]. The trial judge who denies a motion for a new trial, because the plaintiff has consented to reduce or a defendant has consented to increase the amount of the recovery, does no more than when, sitting in equity, he withholds relief upon the compliance with a condition, the performance of which will do substantial justice [citations omitted].
>
> To me it seems an indefensible anachronism for the law to reject the like principle of decision, in reviewing on appeal denials of motions for new trial, where the plaintiff has consented

---

[1] *See, Boyd v. Bulala*, 647 F. Supp. 781 (W.D. Va. 1986); *Boyd v. Bulala*, 672 F. Supp. 915 (W.D. Va. 1987).

to decrease the judgment or the defendant has consented to increase it by the proper amount, or to apply it in the one case and reject it in the other. It is difficult to see upon what principle the denial of a motion for a new trial, which for centuries has been regarded as so much a matter of discretion that it is not disturbed when its only support may be a bad or inadequate reason, may nevertheless be set aside on appeal when it is supported by a good one: that the defendant has bound himself to pay an increased amount of damages which the court judicially knows is within the limits of a proper verdict.

293 U.S. at 496.

State appellate courts, moreover, have repeatedly sided with Justice Stone's reasoning that additur, with the consent of the defendant, does not deprive the plaintiff of her right to a jury trial. *See, Jehl v. So. Pacific Co.,* 427 P.2d 988, 992-995 (Cal. 1967); *Fisch v. Manger,* 130 A.2d 815, 820-823 (N.J. 1957); *Caudle v. Swanson,* 103 S.E.2d 357, 363-366 (N.C. 1958); *Genzel v. Halvorson,* 80 N.W.2d 854, 856-859 (Minn. 1957); *Freeman v. Wood,* 401 N.E.2d 108, 110-113 (Mass. 1980). Accordingly, I conclude that if confronted with the alternatives contained in *Dimick,* the Supreme Court of Virginia would likely affirm the constitutionality of the General Assembly's enactment of the additur statute.

Since this Court must presume the constitutionality of acts of the General Assembly, in the absence of a clear indication to the contrary, (*Bosang v. Iron Belt Building & Loan Ass'n,* 96 Va. 119, 123 (1898); *Working Waterman's Ass'n v. Seafood Harvesters, Inc.,* 227 Va. 101, 110 (1984)), and since Ms. Supinger has failed to demonstrate that the Virginia Additur Statute violates the Virginia Constitution as alleged, her supplemental motion for reconsideration is denied.