# CIRCUIT COURT OF THE CITY OF RICHMOND

Dewayne Mason

v.

Michael J. Walker

December 9, 1997

Case No. LB-2002-4

BY JUDGE RANDALL G. JOHNSON

This personal injury action was first tried on August 12, 1997. The jury returned a verdict for $4,431, which was the exact amount of plaintiff's special damages. On plaintiff's motion, the verdict was set aside and a new trial was ordered on the issue of damages only. On November 10, 1997, the second trial took place. This time, the jury returned a verdict for $230, which was the amount of plaintiff's emergency room bill. Plaintiff again moved to set aside the verdict and for a new trial. The court granted the motion to set aside the verdict. Instead of ordering a new trial, however, and for reasons stated from the bench, the court awarded additur to bring the verdict to $7,500.

Virginia's additur statute, Va. Code § 8.01-383.1(B), provides:

> In any action at law when the court finds as a matter of law that the damages awarded by the jury are inadequate, the trial court may (i) award a new trial or (ii) either require the defendant to pay an amount in excess of the recovery of the plaintiff found in the verdict or submit to a new trial.
>
> If additur pursuant to this subsection is accepted by either party under protest, it may be reviewed on appeal.

The court directed counsel for defendant to inform the court in writing whether the additur would be paid, under protest or not under protest, or

whether defendant demanded a new trial. Counsel for plaintiff was directed to inform the court in writing whether plaintiff protested the additur award if defendant agreed to pay it. By letter dated November 10, 1997, counsel for defendant stated that defendant would pay the additur under protest. By letter dated November 14, counsel for plaintiff "declined" the additur and requested a new trial on the issue of damages only. By letter dated November 16, the court asked counsel for defendant if he agreed that plaintiff could reject additur and demand a new trial. The court specifically referred counsel to an opinion by Judge Vieregg of the Circuit Court of Fairfax County, which held that the court may order additur even if not requested by the plaintiff and that a plaintiff has no right to reject it. *Supinger v. Stakes*, 40 Va. Cir. 205 (1996). The court further stated that if both counsel agreed that plaintiff could reject additur, the court would "probably order a new trial." Counsel for defendant responded that the last line of the statute — "If additur pursuant to this subsection is accepted by either party under protest, it may be reviewed on appeal" — "seem[s] to suggest that the plaintiff and the defendant have the right to accept or reject additur. Given that language in the statute, I believe that [plaintiff] is entitled to refuse additur." In spite of counsel's agreement and in spite of the court's earlier indication that a new trial would be ordered if counsel agreed, a new trial will not be ordered.

In addition to Judge Vieregg's holding in *Supinger*, which this court agrees with and adopts, there are at least three other reasons why plaintiffs are not entitled to reject additur. First, if both parties have the right to reject additur and demand a new trial, the court's award of additur is nothing more than a suggestion of settlement; that is, the court suggests an amount to resolve the case and the parties decide whether to accept the suggestion. That is exactly what happens in pretrial and "mid-trial" settlement discussions already. Courts did not need the General Assembly to enact an additur statute if that is all that is accomplished by it.

Second, the last sentence of § 8.01-383(B) does not give plaintiffs the right to reject additur. It gives plaintiffs the right to protest additur and still appeal it. A right of plaintiffs to reject additur is not set out in the statute.

And third, the additur portion of the statute perfectly counterbalances the remittitur portion. Specifically, § 8.01-383.1(A) provides:

> In any action at law in which the trial court shall require a plaintiff to remit a part of his recovery, as ascertained by the verdict of a jury, or else submit to a new trial, such plaintiff may remit and accept judgment of the court thereon for the reduced sum under pro-

test, but, notwithstanding such remittitur and acceptance, if under protest, the judgment of the court in requiring him to remit may be reviewed by the Supreme Court upon an appeal awarded the plaintiff as in other actions at law; and in any such case in which an appeal is awarded the defendant, the judgment of the court in requiring such remittitur may be the subject of review by the Supreme Court, regardless of the amount.

Thus, when the court sets aside a jury's verdict as excessive, it may order a remittitur. When it does, the plaintiff has the option of accepting it, under protest or not under protest, or rejecting it and submitting to a new trial. If plaintiff accepts the remittitur, defendant's only recourse is to pay the lower amount and appeal or not appeal. Defendant cannot reject remittitur and demand a new trial.

Conversely, when the court sets aside a jury's verdict as inadequate, it may order an additur. When it does, the defendant has the option of paying it, under protest or not under protest, or rejecting it and submitting to a new trial. If defendant pays the additur, plaintiff's only recourse is to accept the higher amount and appeal or not appeal. The only difference is that in order to appeal, plaintiff must protest the additur. There is no requirement that defendant protest a remittitur in order to appeal. The fact remains, though, that the plaintiff cannot reject additur and demand a new trial.

For the reasons stated above, the judgment of the court will be for plaintiff in the amount of $7,500.