STATE FARM MUTUAL INSURANCE COMPANY, as Subrogee of Joseph P. Bauer, Plaintiff-Appellant, v. BRENDA HERVEY, Defendant-Appellee.

First District (5th Division)   No. 1—03—3437

Opinion filed October 22, 2004.

Steven D. Gertler & Associates, of Chicago (Adam Allen Schiefelbein, of counsel), for appellant.

Parrillo, Weiss & O'Halloran, of Chicago (Keely Traux and Henry A. Parkhurst, of counsel), for appellee.

JUSTICE GALLAGHER delivered the opinion of the court:

This is a subrogation action involving an automobile accident. The issue before this court is whether the trial court abused its discretion in denying a motion for an additur and a motion for a new trial. Defendant, Brenda Hervey, was pulling out from a parking space when she collided with the right side of the vehicle driven by plaintiff, Joseph P. Bauer. Plaintiff State Farm insured Bauer. State Farm brought this subrogation action to recover sums paid for property damage to Bauer's vehicle and for rental expenses incurred by Bauer. On May 8, 2003, the matter proceeded to trial with a jury of six. Plaintiff's counsel informed the jury that two plaintiffs were seeking damages in this matter: State Farm and Joseph P. Bauer. The total amount plaintiffs prayed for was $2,909.67.

Pictures of plaintiff's damaged automobile, a repair bill for $2,751.23 (including the insured's deductible of $250), and a rental

bill for $158.44 were received in evidence and were given to the jury during its deliberations. Bauer testified that he paid the rental bill of $158.44; State Farm reimbursed Bauer $96 and the remaining $62.44 he paid out of his own pocket.

The jury found in favor of both plaintiffs and against defendant. Nevertheless, the jury awarded Bauer $62.44 for rental expenses, but returned a verdict of $0 for State Farm. On May 8, 2003, the trial court entered judgment on the jury verdict. On October 10, 2003, the trial court denied plaintiff's motion for additur or, in the alternative, a motion for a new trial. We reverse and remand.

■ Plaintiff contends that the verdict award for State Farm in the amount of $0 is contrary to the manifest weight of the evidence. We agree. A verdict is considered to be against the manifest weight of the evidence where the opposite conclusion is clearly evident or where the findings of the jury are unreasonable, arbitrary and not based upon any of the evidence. *Maple v. Gustafson*, 151 Ill. 2d 445, 454, 603 N.E.2d 509, 512-13 (1992). In the present case, the opposite conclusion is clearly evident and the findings of the jury are unreasonable, arbitrary and not based upon any of the evidence.

■ The jury returned a verdict for both Bauer and State Farm. Yet the jury awarded no money damages to State Farm. The jury only awarded the money damages that Bauer prayed for at the end of the trial. This amount, $62.44, represented Bauer's out-of-pocket expenses for the rental vehicle. The jury completely disregarded the remainder of the rental bill paid by State Farm. The jury completely disregarded the property damage amount as paid by State Farm. " ' "It has been the long-followed rule in Illinois that a paid automobile repair bill is admissible in evidence without other foundation as prima facie evidence of the necessity and reasonableness of such repairs." ' [Citations.]" *Merrill v. Hill*, 335 Ill. App. 3d 1001, 1007, 783 N.E.2d 152 (2002). Moreover, a new trial on damages may be ordered only where: " ' "(1) the jury's verdict on the question of liability is amply supported by the evidence; (2) the questions of damages and liability are so separate and distinct that a trial limited to the question of damages is not unfair to the defendant; and (3) the record suggests neither that the jury reached a compromise verdict, nor that, in some other identifiable manner, the error which resulted in the jury's awarding inadequate damages also affected its verdict on the question of liability." ' " *Hollis v. R. Latoria Construction, Inc.*, 108 Ill. 2d 401, 408, 485 N.E.2d 4, 7 (1985), quoting *Balestri v. Terminal Freight Cooperative Ass'n*, 76 Ill. 2d 451, 456, 394 N.E.2d 391 (1979), quoting *Robbins v. Professional Construction Co.*, 72 Ill. 2d 215, 224 (1978). The trial court here abused its discretion in denying the motion for a new trial.

■ The present case is remarkably similar to *Ross v. Cortes*, 95 Ill. App. 3d 772, 420 N.E.2d 846 (1981). In *Ross*, also a subrogation action, the jury awarded the plaintiff only the amount of damage she personally paid of $165, when the plaintiff was requesting fixed damages for a paid repair bill in the amount of $3,566.64. The court expounded upon the importance of " 'a fair and efficient administration of justice.' " *Ross*, 95 Ill. App. 3d at 777, 420 N.E.2d at 850, quoting J. Cole, *Additur—Procedural Boon Or Constitutional Calamity*, 17 DePaul L. Rev. 175, 193 (1967). Thus, the court did not automatically remand the case to the trial court, but instead ordered that if the defendants did not file their consent to an additur within 30 days, the cause would be remanded for a new trial on damages. *Ross*, 95 Ill. App. 3d at 778, 420 N.E.2d at 851. In the instant case, however, defendant has stated in her reply brief that she does not consent to additur.

In accordance with the foregoing, we reverse the trial court's orders of May 8, 2003, and October 10, 2003. We remand this matter to the trial court for a new trial on damages only, or for an additur in the amount of $2,847.23, if consented to by defendant.

Reversed and remanded.

CAMPBELL, P.J., and NEVILLE, J., concur.