(No. 31090.—

ROBERT HUGHES, Appellant, *vs.* PERLEY M. BANDY, JR., Appellee.

*Opinion filed September 22, 1949.*

VANDEVER & BULLINGTON, of Hillsboro, for appellant.

OMER POOS, of Hillsboro, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, Robert Hughes, brought an action in the circuit court of Montgomery County against the defendant, Perley M. Bandy, Jr., a minor, to recover damages for personal injuries sustained in an automobile collision on September 1, 1947. Defendant answered and filed a counterclaim seeking damages from plaintiff for both personal injuries and property damage. Plaintiff answered the counterclaim. Defendant's motions for a directed verdict at the close of plaintiff's case and, again, at the close of all the evidence, were denied. Plaintiff's motion for a directed verdict as to the counterclaim was likewise denied. A jury found the issues in favor of plaintiff and against defendant and awarded plaintiff damages in the amount of $615. The jury found plaintiff not guilty as to defendant's counterclaim. Plaintiff thereupon made a motion for judgment in the amount of $1218.25, notwithstanding the verdict returned in his favor for $615. This motion was allowed, and judgment was rendered in favor of plaintiff and against defendant for $1218.25 and costs. Neither party made a motion for a new trial. Upon appeal, the Appellate Court for the Third District reversed the judgment of the circuit court and remanded the cause, with directions to enter a judgment in favor of plaintiff and against defendant for $615 and costs. (*Hughes* v. *Bandy,* 336 Ill. App. 472.) The Appellate Court granted a certificate of importance and allowed a further appeal to this court.

The sole question presented for decision in the Appellate Court, and upon this further appeal, is the correctness of the order of the circuit court granting plaintiff's motion for judgment notwithstanding the verdict. His motion alleged that the parties stipulated the difference of the fair cash market value of plaintiff's automobile before and after the collision was $1050; that the fair and reasonable charge for medical and hospital services rendered plaintiff for treatment of injuries received in the collision was $63.25, and that plaintiff testified he was deprived of his average daily income of fifteen dollars for seven days, a total of $105, as the result of being unable to use his own automobile, or to obtain another car, during the seven-day period following the collision. The aggregrate amount of the three items described is $1218.25, and it was for this amount that plaintiff sought judgment notwithstanding the verdict. Defendant interposed objections to the motion, averring that there was disputed evidence in the case as to the negligence, as to contributory negligence, and as to personal injuries and, further, that the court was without power to entertain the motion because (1) it has to be tested under the same rule as a motion for a directed verdict, which does not go to the measure of damages, since this can be tested only by motion for a new trial; (2) if there is any evidence tending to support the theory of evidence as to actual liability, the motion for judgment notwithstanding the verdict must be denied, and (3) the court cannot weigh evidence on a motion of this nature.

Reviewing the evidence to the extent necessary to a disposition of the issue presented for decision, the Appellate Court found, and there is evidence in the record to support its findings of fact, that the collision took place on School Street in Hillsboro, a paved street running in an easterly and westerly direction, with a black line in the center of the street; that plaintiff's car was traveling east and defend-

ant's car proceeding west, and that the "left front" of defendant's car "hit" the "left side" of plaintiff's automobile.

Plaintiff's complaint and defendant's counterclaim each charged that the opposite party negligently drove his automobile on the left or wrong side of the center of the street and against the car of the other party. The respective answers of the parties denied any negligence.

Plaintiff testified that he was proceeding in an easterly direction at a speed of about thirty miles per hour and approximately one and one-half feet south of the black line in the center of the street; that he first saw defendant's car when it was at a distance of about 150 feet and that it was then on the north half of the street; that he looked up again and saw defendant's car coming towards his car and, in so doing, came one and one-half to two feet across the black line, and that he, plaintiff, then applied his brakes, blew his horn and went further to the south side of the street but the left front of defendant's car then hit the left side of his car. Plaintiff's version of the occurrence was corroborated by other witnesses.

Defendant testified that he was driving in a westerly direction at a rate of between twenty and twenty-five miles per hour on the north half of the street; that he saw plaintiff's car when it was about forty feet distant; that plaintiff's car swerved at his car, that plaintiff "jerked his wheel to my side of the road" over the center line, and that he then "cut on the other side of the road to avoid him hitting me on my side of the road." Defendant's testimony was likewise corroborated by the testimony of other witnesses.

Section 68 of the Civil Practice Act permits either party to move for a judgment notwithstanding the verdict. (Ill. Rev. Stat. 1947, chap. 110, par. 192.) · Rule 22 of this court (Ill. Rev. Stat. 1947, chap. 110, par. 259.22) provides that the power of the court to enter judgment

notwithstanding the verdict may be exercised in all cases where, under the evidence, it would have been the duty of the court to direct a verdict without submitting the case to the jury. Rule 22 provides, further, that when a motion for a judgment notwithstanding the verdict shall be filed and submitted in any court of record in any civil cause tried before a jury, and the trial court shall enter an order granting the motion, the court shall, at the same time, pass upon and decide in the same order any motion for a new trial made by the party moving for judgment notwithstanding the verdict, and "Any party who fails to file a motion for a new trial as herein provided shall be deemed to have waived the right to apply for a new trial."

In the present case, neither plaintiff nor defendant made any motion for a new trial. The precise question thus presented is whether, upon the record made, the trial court properly granted plaintiff's motion for judgment for $1218.25 notwithstanding the verdict for $615, or whether, instead, the motion should have been denied. Plaintiff says the important question presented for decision here is whether the trial court is vested with power to enter a judgment for damages in excess of the amount fixed by verdict in a tort action finding the defendant guilty where the amount of damages awarded is less than disclosed by "stipulation, concession and uncontradicted evidence to be the minimum amount of damages sustained by the plaintiff." On the other hand, defendant maintains that the only way the question of inadequate damages can be considered in the trial court when there is a disputed issue of fact as to negligence and contributory negligence involved and, in particular, where the question of actual liability is close under the evidence from the standpoint of contested facts, is by motion for a new trial.

The Civil Practice Act and Rule 22 of this court require the trial court to observe the same rules in deciding a motion for a judgment notwithstanding the verdict as

are controlling in passing upon a motion for a directed verdict. The power of the court is the same in both cases, the reason being that the motions are essentially the same. (*Merlo* v. *Public Service Company of Northern Illinois,* 381 Ill. 300.) The question presented by a defendant's motion for a directed verdict in an action at law is whether there is any evidence fairly tending to prove the cause of action alleged or fact affirmed, and the court does not, on such motion, weigh the evidence or consider its preponderance. (*Todd* v. *S. S. Kresge Co.* 384 Ill. 524; *Blumb* v. *Getz,* 366 Ill. 273; *Peters* v. *Peters,* 376 Ill. 237.) No contradictory evidence, or other evidence of any kind or character, will justify a directed verdict or a judgment for defendant notwithstanding the verdict, except uncontradicted evidence of facts consistent with every fact which the evidence .for the plaintiff tends to prove, but showing affirmatively a complete defense. · (*Merlo* v. *Public Service Company of Northern Illinois,* 381 Ill. 300; *Nelson* v. *Stutz Chicago Factory Branch, Inc.* 341 Ill. 387.) The party resisting such a motion is entitled to all the benefit of all the evidence favorable to him. (*Tidholm* v. *Tidholm,* 391 Ill. 19.) Stated somewhat differently, a motion for judgment notwithstanding the verdict, under our Civil Practice Act, raises the same question of law and has the same effect as a motion for a directed verdict. Neither the trial court, nor a court of review, should weigh the evidence or determine where its preponderance lies. If the evidence adduced by plaintiff makes out a *prima facie* case sufficient in itself to go to the jury, defendant's motion should be denied even though, upon the entire record, the evidence may preponderate against the party opposing the motion, so that a verdict in his favor could not stand when tested by a motion for a new trial. (*Tidholm* v. *Tidholm,* 391 Ill. 19; *Hunt* v. *Vermilion County Children's Home,* 381 Ill. 29; *Walaite* v. *Chicago, Rock Island and Pacific Railway Co.* 376 Ill. 59; *Merlo* v. *Public Service Co. of*

*Northern Illinois,* 381 Ill. 300.) Similarly, if defendant's evidence makes out a *prima facie* defense, a plaintiff's motion for judgment notwithstanding the verdict should be denied. In short, the court, in acting upon plaintiff's motion for judgment notwithstanding the verdict in the present case, was limited to the determination of the single question whether there was any evidence to support the defense interposed. *Hunt* v. *Vermilion County Children's Home,* 381 Ill. 29.

Here, the record contains evidence which, standing alone, tends to prove the material allegations of plaintiff's complaint. Similarly, the record contains evidence which, standing alone, tends to prove the essential averments of defendant's answer and the material allegations of his counterclaim. In other words, contradicted questions of fact were presented to the jury for decision. A disputed question of fact as to ultimate liability was presented to the jury, and this question was decided in favor of plaintiff and against defendant. The mere fact that the evidence with respect to damages was not in dispute is beside the point so far as plaintiff's motion for judgment notwithstanding the verdict is concerned. The evidence upon the question of negligence was controverted. As the Appellate Court observed: "If we assume as true the evidence most favorable to the defendant, regardless of its weight, then the defendant had a complete defense. Therefore, it is our opinion that the granting of such motion and the entry of such judgment was a wrongful exercise of judicial power and authority which, in effect, deprived the defendant of a right of trial by jury."

In *James* v. *Morey,* 44 Ill. 352, the jury returned a verdict in plaintiff's favor, for $26.48, an admittedly insufficient amount. Upon plaintiff's motion for a new trial, the court stated the motion would be allowed unless the defendant consented to increasing the verdict to $144.54. The defendant assented, and judgment for the latter amount

was entered. Upon review, this court held the procedure followed to be correct. In *Carr* v. *Miner,* 42 Ill. 179, to the same effect, this court made the pointed observation: "The practice is one that should be sparingly indulged, and should never be adopted except in clear cases."

In the case at bar, plaintiff did not see fit to make a motion for a new trial. Under Rule 22 of this court, he is deemed to have waived the right to apply for a new trial and, in consequence, barred from challenging the amount of the jury's verdict. *Todd* v. *S. S. Kresge Co.* 384 Ill. 524.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*