No. 2--01--0059

________________________________________________________________ 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

ALLSTATE INSURANCE COMPANY, as ) Appeal from the Circuit Court

Subrogee of Joseph Buczkiewicz, ) of Du Page County.

                                )

     Plaintiff-Appellee,        )

                                )  No. 00--SC--3191

v. )

)

RICHARD L. MAHR,                )  Honorable 

) James W. Jerz, 

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Allstate Insurance Company (Allstate), as subrogee of Joseph Buczkiewicz, sued the defendant, Richard Mahr, for property damage resulting when Mahr's car rear-ended the car Buczkiewicz was driving.  After a jury found the defendant negligent and awarded damages of $125, the trial court granted the plaintiff's motion for judgment notwithstanding the verdict (judgment 
n.o.v.
) and increased the damages to $2,855.67.  The defendant appeals, contending that the court could not grant judgment 
n.o.v
. because there was conflicting evidence of liability.  The defendant contends that the court in reality granted an 
additur
, which it could not do without the defendant's consent.

Buczkiewicz testified that on November 10, 1999, he was stopped in traffic on Route 83.  Construction had closed the right lane and three lanes merged into two.  After being stopped for a few seconds, his car was rear-ended by one driven by Mahr.  After the accident, Mahr apologized, saying that he had been looking to the right to merge and looked up too late to avoid the accident.

Buczkiewicz identified a repair bill for $2,855.67.  He said that he paid the $250 deductible and his insurance company, Allstate, paid the rest.  His car had not been damaged before the accident.  Nothing happened to it between the accident and when he had it repaired.  Although his car was hit in the rear, the bill showed repairs to the left side panel.  That part had been damaged  when the bumper was pushed underneath the vehicle and pushed out the running board.

Mahr testified that on the day of the accident he was in a hurry to get to work.  He was driving north on Route 83 and never changed lanes.  As he crossed the bridge over Irving Park Road, traffic in front of him suddenly came to a halt.  He tried to stop but was unable to do so in time to avoid the accident.  Buczkiewicz had stopped suddenly or was still stopping when the accident occurred.  Mahr applied his brakes as soon as he saw Buczkiewicz stopping, but his wheels locked up and slid on fresh, oily asphalt.

The jury returned a verdict finding the defendant liable and awarded damages of $125.  The plaintiff moved for judgment 
n.o.v.
, arguing that the evidence was undisputed that its damages were $2,855.67, the amount of the repair bill.  The trial court granted the motion and increased the plaintiff's damages to that amount.  The defendant filed a timely notice of appeal.

The defendant contends that the trial court should not have granted the plaintiff judgment 
n.o.v.
. because the evidence relating to liability was conflicting.  In reality, the court granted the plaintiff an 
additur
, which was improper because the defendant did not consent to that relief.

Based on the practices of the English common law, American courts have maintained the distinction that motions for a directed verdict or for judgment 
n.o.v.
 are limited to liability issues.  Conversely, motions for 
remittitur
 or 
additur
 are used to contest the amount of damages.  Compare 
Baltimore & Carolina Line, Inc. v. Redman
, 295 U.S. 654, 659-60, 79 L. Ed. 1636, 1639-40, 55 S. Ct. 890, 892-93 (1935), with 
Dimick v. Schiedt
, 293 U.S. 474, 482, 79 L. Ed. 603, 609, 55 S. Ct. 296, 299 (1935).  See generally Comment, 
Additur-Procedural Boon or Constitutional Calamity
, 17 DePaul L. Rev. 175, 183-85 (1967).  The trial court may grant judgment 
n.o.v.
 where the evidence so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand.  
Maple v. Gustafson
, 151 Ill. 2d 445, 453 (1992).  However, 
additur
 may be awarded only where the defendant consents to it as an alternative to a new trial, even where the damages are liquidated or the evidence of damages is essentially undisputed.  
Hladish v. Whitman
, 192 Ill. App. 3d 561, 565 (1989).

In 
Hughes v. Bandy
, 404 Ill. 74 (1949), the supreme court disapproved the procedure followed here of using a motion for judgment 
n.o.v.
 to correct an apparent error in the jury's calculation of damages.  There, the jury found for the plaintiff and awarded him $615.  The trial court granted the plaintiff's motion for judgment of $1,218.25, citing uncontradicted evidence of damages in that amount.  The appellate court reversed and the supreme court affirmed the appellate court, stating, as follows:

"A disputed question of fact as to ultimate liability was presented to the jury, and this question was decided in favor of plaintiff and against defendant.  The mere fact that the evidence with respect to damages was not in dispute is beside the point so far as plaintiff's motion for judgment notwithstanding the verdict is concerned."  
Hughes
, 404 Ill. at 80.

The court observed that in its previous cases approving increases in the damage award the trial courts had done so only with the defendants' consent as an alternative to granting new trials.  
Hughes
, 404 Ill. at 80-81, citing 
James v. Morey
, 44 Ill. 352 (1867), and 
Carr v. Miner
, 42 Ill. 179 (1866).
  The court further held that, because the plaintiff had not sought a new trial in his postjudgment motion, he was barred from challenging the jury's verdict.  
Hughes
, 404 Ill. at 81.

Hughes
 controls this case.  Here, the jury returned a verdict finding the defendant liable.  Needless to say, the plaintiff does not contest this finding.  The plaintiff contends only that the damage award was inadequate.  Under 
Hughes
, the plaintiff had to file a motion for a new trial and could have sought 
additur
 as an alternative remedy.  Because the plaintiff did not do so, the defendant never had the chance to consent to the 
additur
 as an alternative to submitting to a new trial on damages.  Moreover, because the plaintiff never asked the trial court for a new trial, it has waived the right to that relief.  735 ILCS 5/2--1202(e) (West 2000); 
Hughes
, 404 Ill. at 81.

The plaintiff relies on 
Ross v. Cortes
, 95 Ill. App. 3d 772 (1981).  There, the jury made an error similar to the error that the plaintiff alleges occurred here in that the jury awarded the plaintiff only the amount he personally paid.  (Here, the jury awarded the plaintiff $125, half of the amount Buczkiewicz testified that he paid as the deductible.)  In 
Ross
, however, it appears that the plaintiff did request a new trial.  Although the appellate court held that the case was appropriate for 
additur
, it recognized the need for the defendants' consent.  The court thus ordered that if the defendants did not file their consent to an 
additur
 within 30 days the cause would be remanded for a new trial on damages.  
Ross
, 95 Ill. App. 3d at 778.  Here, the plaintiff never sought a new trial and has waived the right to that relief.

The judgment of the circuit court of Du Page County is reversed.  Judgment is entered on the jury's verdict.  See 155 Ill. 2d R. 366(a)(5).

Reversed; judgment entered.

HUTCHINSON, P.J., and KAPALA, J., concur.