No. 2--01--1190

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

JAMES H. MERRILL, ) Appeal from the Circuit Court

) of Du Page County.

Plaintiff-Appellant, )

)

v. ) 00--AR--2582

)

DEREK HILL, ) Honorable

) Kenneth Moy,

Defendant-Appellee. ) Judge, Presiding.

________________________________________________________________

JUSTICE CALLUM delivered the opinion of the court:

Plaintiff, James H. Merrill, brought this lawsuit in the circuit court of Du Page County seeking recovery for property damage sustained in a motor vehicle accident with defendant, Derek Hill.  The matter proceeded to a jury trial resulting in a verdict of $6,750 for plaintiff.  Disappointed with the amount of the award, plaintiff filed a posttrial motion seeking, alternatively, a judgment notwithstanding the verdict, an 
additur
, or a new trial on damages.  The trial court denied the motion and plaintiff brought this appeal.  We conclude that, unless defendant consented to an 
additur
 of $3,037.17, the trial court should have ordered a new trial on damages only.

The evidence establishes that on the evening of January 27, 1997, plaintiff was driving a Volkswagen Passat west on a two-lane road in Naperville.  The accident occurred at a point where the road curved to the south.  According to plaintiff, there was a light covering of snow on the road, but he had no difficulty handling his vehicle.  Plaintiff testified that he observed a vehicle operated by defendant approaching from the other direction.  Defendant's vehicle did not follow the curve and crossed into plaintiff's lane, striking plaintiff's vehicle head-on.  Plaintiff testified that before the accident there was no damage to the vehicle.  After the accident the whole front end had been destroyed.  
Plaintiff identified a bill for $9,787.17 to repair damage to the vehicle sustained in the accident, and he testified that the bill had been paid.  According to plaintiff, the vehicle was in the repair shop for about six weeks.  Plaintiff also identified a paid bill for $1,010.68 for the rental of a replacement vehicle for 53 days from February 
3, 1997, to March 27, 1997.

Defendant called plaintiff to testify and showed him two photographs.  Plaintiff confirmed that the photographs fairly and accurately depicted his vehicle as it appeared after the accident.  Defendant made no reference to the photographs having been marked for identification and did not ask to show them to the jury.  The photographs were not admitted into evidence.  

Defendant testified that, as he approached the curve where the accident occurred, he observed that plaintiff's vehicle was proceeding toward him and appeared to be "fishtailing."  Defendant was driving at about 20 miles per hour--about 5 miles per hour below the speed limit.  Defendant applied his brakes but they locked and the car slid.  He tried pumping the brakes but could not bring the vehicle to a stop, and it collided with plaintiff's vehicle.  According to defendant, the road conditions were bad.  Defendant was shown the same photographs shown to plaintiff, and he testified that they accurately represented the damage to plaintiff's vehicle.  Again however, there was no reference to the photographs having been marked for identification, defendant did not ask to show them to the jury, and they were not admitted into evidence.

The jury returned a verdict for plaintiff for $6,750, and judgment was entered for that amount.  Plaintiff filed a timely posttrial motion seeking, in the alternative, a judgment of $10,797.85, notwithstanding the verdict, an 
additur
, or a new trial on damages only.  The trial court denied the motion.  This appeal followed.

We first consider whether the trial court erred in denying the motion for a judgment notwithstanding the verdict.  
It is firmly established that "verdicts ought to be directed and judgments 
n.o.v.
 entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."  
Pedrick v. Peoria & Eastern R.R. Co.
, 37 Ill. 2d 494, 510 (1967).  There is conflicting authority whether the trial court may direct a verdict or enter a judgment notwithstanding the verdict as to damages. In 
Chapman v. Deep Rock Oil Corp.
, 333 Ill. App. 529, 537 (1948), a judgment notwithstanding verdict increasing the jury's award from $2,000 to $3,100 was upheld.  
The plaintiff sought recovery for property damage that resulted from a fire caused by the defendant's negligence.  The court observed:

"Under the undisputed evidence the plaintiff, if entitled to recover at all, was entitled to recover his full damages of $3,100, which were fully covered in the pleadings.  The plaintiff testified that the value of his personal property destroyed by the fire was $3,100, and an itemized list of articles destroyed and their value was prepared by the plaintiff and it was admitted into evidence with the consent of the defendant.  It was in our opinion proper for the trial court to mould the verdict *** to meet the evidence in the case and to enter judgment notwithstanding the verdict for the amount which the evidence showed the plaintiff was entitled to recover."  
Chapman
, 333 Ill. App. at 537.

In 
Frisch Contracting Service Corp. v. Northern Illinois Gas Co.
, 93 Ill. App. 3d 799, 807 (1981), this court observed
 that "if the damage evidence is reasonable and undisputed *** there may be occasions when a property damage question can be decided by the trial judge as a matter of law."  
Nonetheless, we "urge[d] caution in this respect due to the inherent and general lack of conclusiveness of damage evidence even when no contrary evidence is offered."  
Frisch
, 93 Ill. App. 3d at 807; see also  
Baker v. Hutson
, 333 Ill. App. 3d 486 (2002).
  In 
Frisch
, the parties introduced conflicting evidence on damages and we held that a directed verdict for the defendant was therefore improper.  
Frisch
, 93 Ill. App. 3d at 807-08.

More recently, in 
Allstate Insurance Co. v. Mahr
, 328 Ill. App. 3d 915 (2002), we held that it was error to enter a judgment notwithstanding the verdict in order to increase damages.  In 
Mahr
, as in the present case, the plaintiff prevailed at trial but was disappointed with the jury's award for damage to a motor vehicle.  Though there was evidence of a paid repair bill for almost $3,000, the jury awarded only $125.  The plaintiff argued that because the bill was undisputed the court should enter judgment notwithstanding the verdict and award the full amount of the bill.  The trial court agreed.  The defendant argued on appeal that the judgment notwithstanding the verdict was improper because evidence relating to 
liability
 was conflicting.  
Mahr
, 328 Ill. App. 3d at 916.  We noted that, in reality, the judgment notwithstanding the verdict was an 
additur
, which was improper because the defendant did not consent to it.  We observed as follows:

"Based on the practices of the English Common law, American courts have maintained the distinction that motions for a directed verdict or for judgment 
n.o.v.
 are limited to liability issues.  Conversely, motions for 
remittitur
 or 
additur
 are used to contest the amount of damages.  [Citations.]  The trial court may grant judgment 
n.o.v.
 where the evidence so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. [Citation.] However, 
additur
 may be awarded only where the defendant consents to it as an alternative to a new trial, even where the damages are liquidated or the evidence of damages is essentially undisputed. [Citation.]

In 
Hughes v. Bandy
, 404 Ill. 74 (1949), the supreme court disapproved the procedure followed here of using a motion for judgment 
n.o.v.
 to correct an apparent error in the jury's calculation of damages.  There, the jury found for the plaintiff and awarded him $615.  The trial court granted the plaintiff's motion for judgment of $1,218.25, citing uncontradicted evidence of damages in that amount.  The appellate court reversed and the supreme court affirmed the appellate court, stating, as follows:

'A disputed question of fact as to ultimate liability was presented to the jury, and this question was decided in favor of plaintiff and against defendant.  The mere fact that the evidence with respect to damages was not in dispute is beside the point so far as plaintiff's motion for judgment notwithstanding the verdict is concerned.'  
Hughes
, 404 Ill. at 80.

The court observed that in its previous cases approving increases in the damage award the trial courts had done so only with the defendants' consent as an alternative to granting new trials.  
Hughes
, 404 Ill. at 80-81, citing 
James v. Morey
, 44 Ill. 352 (1867), and 
Carr v. Miner
, 42 Ill. 179 (1866).  The court further held that, because the plaintiff had not sought a new trial in his postjudgment motion, he was barred from challenging the jury's verdict.  
Hughes
, 404 Ill. at 81."  
Mahr
, 328 Ill. App. 3d at 916-17.

In view of the principles of 
Hughes
 and 
Mahr
, the trial court properly refused to enter a judgment notwithstanding the verdict.  As in 
Mahr
 and 
Hughes
, the evidence of liability in this case was not so overwhelming that no verdict for defendant could ever stand.  The jury found that defendant acted negligently, but it rationally 
could
 have concluded that defendant exercised due care but was still unable to avoid the accident.

We next consider whether the trial court should have ordered an 
additur
 or a new trial on damages only.  The two forms of relief are related.   Under the doctrine of 
additur
, in appropriate cases the trial court may order a new trial based on the inadequacy of damages unless the defendant consents to  an increase in the award of damages.  See 
J.I. Case Co. v. McCartin-McAuliffe Plumbing & Heating, Inc.
, 118 Ill. 2d 447, 456-57 (1987); 
Carr v. Miner
, 42 Ill. 179 (1866).  
Additur
 is appropriate only to rectify the omission of a liquidated or easily calculated item of damages, and is improper if the defendant does not consent to it as an alternative to a new trial.  
Hladish v. Whitman
, 192 Ill. App. 3d 561, 565 (1989).  Because 
additur
 is essentially a conditional ruling on a motion for a new trial, the trial court should consider whether, beyond the criteria for 
additur
, grounds for a new trial otherwise exist.

While the amount of a verdict is generally within the discretion of the jury, a new trial may be ordered if the damages are manifestly inadequate or if it is clear that proved elements of damages have been ignored or if the amount awarded bears no reasonable relationship to the loss suffered by the plaintiff.  
Hollis v. R. Latoria Construction, Inc.
, 108 Ill. 2d 401, 407 (1985).  L
ess deference is owed to the jury's award when damages in a fixed and liquidated amount are involved, in contrast, for example, to traditional personal injury damages.  
Ross v. Cortes
, 95 Ill. App. 3d 772, 774-75 (1981).

A new trial on damages may be ordered only where: " '(1) the jury's verdict on the question of liability is amply supported by the evidence; (2) the questions of damages and liability are so separate and distinct that a trial limited to the question of damages is not unfair to the defendant; and (3) the record suggests neither that the jury reached a compromise verdict, nor that, in some other identifiable manner, the error which resulted in the jury's awarding inadequate damages also affected its verdict on the question of liability.' "  
Hollis
, 108 Ill. 2d at 408, quoting 
Balestri v. Terminal Freight Cooperative Ass'n
, 76 Ill. 2d 451, 456 (1979).

We conclude that this case satisfies the criteria for a new trial on damages only unless defendant consents to an 
additur
 of $3,037.17 so that the judgment would equal the amount spent to repair the vehicle.  As plaintiff notes, in 
Ross
, the court observed:

" 'It has been the long-followed rule in Illinois that a paid automobile repair bill is admissible in evidence without other foundation as prima facie evidence of the necessity and reasonableness of such repairs.' " 
Ross
, 95 Ill. App. 3d at 773, quoting 
Smith v. Champaign-Urbana City Lines, Inc.
, 116 Ill. App. 2d 289, 291 (1969).

In 
Ross
, the appellate court awarded the plaintiff an 
additur
 where the jury returned a verdict for $165 for property damage even though bills for over $3,500 to repair the damage were admitted into evidence.

Similarly, in this case, plaintiff testified that the bill for repairs was paid and that all the charges were related to damage sustained in the collision with defendant's vehicle.  Defendant contends that the evidence of damages was disputed.  According to defendant, photographs of defendant's vehicle as it appeared after the accident show no damage to certain parts of the vehicle for which the bill shows charges for repairs.  The argument is unpersuasive.  While both plaintiff and defendant identified photographs of plaintiff's vehicle in its postaccident condition, the photographs were never admitted into evidence.  Indeed, because the report of proceedings does not indicate whether the photographs were marked for identification we cannot be certain that the two photographs in the record on appeal are the ones that the parties identified at trial.

We agree with defendant, however, that the jury was not obliged to award plaintiff the cost of the rental
 of a replacement vehicle for 53 days.  The jury was instructed that damages it could award included 
"[t]he reasonable rental value of similar property for the time reasonably required for the repair of the property damaged."
  In his reply brief, plaintiff contends that there was no evidence that 53 days was not a reasonable amount of time spent "to repair a heavily damaged vehicle of foreign manufacture."  The important point, however, is that plaintiff cites no evidence that 53 days 
was
 a reasonable amount of time for the repairs.  Plaintiff offered no explanation why repairing the vehicle took so long.  Under the circumstances, the jury could rationally conclude, based on ordinary experience, that 53 days was an unreasonable period of time for the rental of a replacement vehicle. 

If defendant will not consent to an 
additur
, the application of the 
Hollis
 test, previously discussed, warrants a new trial on damages only.  First, the jury's verdict on liability is amply supported by the evidence.  Conflicting evidence on the issue of liability does not necessarily preclude a new trial on damages only.  See 
Vacala v.  Village of La Grange Park
, 260 Ill. App. 3d 599, 617-18 (1994).  This is so because the evidence supporting the verdict on liability need not reach the level necessary to direct a verdict in order to satisfy the first part of the 
Hollis
 test.  
Smith v. City of Evanston
, 260 Ill. App. 3d 925, 939 (1994).

Second, the issues of liability and damages are not so intertwined that a trial limited to damages would be unfair to defendant.  Here the jury was not instructed on comparative negligence.  Liability and damages were separate issues.

Third, there is nothing to indicate that the jury reached a verdict by compromise on the issue of liability or that the error in the damage award also affected the verdict on liability.  A compromise verdict will not be presumed, but must appear by positive indication of the record.  
Smith
, 260 Ill. App. 3d at 941.

For the foregoing reasons, the order of the circuit court of Du Page County denying plaintiff's posttrial motion is vacated, and the cause is remanded.  On remand the trial court is directed to enter an order granting plaintiff a new trial on damages only unless defendant consents to an 
additur
 in the amount of $3,037.17, thereby increasing the award of damages to $9,787.17.

Vacated in part; cause remanded with directions.

McLAREN and GROMETER, JJ., concur.