FIFTH DIVISION

November 24, 2004

No. 1-03-1368

STATE FARM MUTUAL INSURANCE COMPANY,

Plaintiff-Appellant,

v.

LARRY J. ELLISON,

Defendant-Appellee.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Shelli Williams-Hayes,

Judge Presiding.

JUSTICE GALLAGHER delivered the opinion of the court:

Plaintiff State Farm Mutual Insurance Company (State Farm) brought this subrogation action in the circuit court of Cook County seeking recovery of a damage award that it paid as a result of an automobile accident between its insured, David Wilson, and defendant Larry Ellison.  A jury found in favor of Wilson and State Farm on the issue of liability and awarded Wilson all of his pleaded damages; however, the jury did not award State Farm damages for the bills that it paid on Wilson’s behalf.  On appeal, State Farm contends that it is inconsistent for the jury to find defendant was negligent as to Wilson but not as to State Farm.  State Farm seeks alternative remedies of a new trial on liability and damages, a new trial on damages only, or additur in the amount of $4,960.79 with defendant’s consent.  We find that because liability is not at issue, the damage amount is fixed and separate from the issue of liability and the jury did not reach a compromise verdict, it is necessary to remand this case for a new trial on damages only unless defendant consents to additur.    

BACKGROUND

State Farm has submitted a bystander’s report in lieu of a trial transcript.  According to the bystander’s report, on December 21, 1998, Wilson’s vehicle was struck from behind by a flatbed truck.  Defendant’s vehicle had collided with the flatbed truck, pushing it into Wilson’s 1997 Ford Taurus, and defendant admitted he was not looking at the road at the time of the crash.  Wilson’s policy with State Farm provided that Wilson had a $500 deductible.  After Wilson’s vehicle was repaired, he was given a “paid in full” bill from the repair shop.  The repair shop told Wilson that State Farm had paid the entire bill except for Wilson’s $500 deductible.  (Wilson is not a party to this appeal.)  State Farm paid for $5,405.79 in repair expenses (minus Wilson’s deductible) and for $55 in chiropractic care for Wilson, for a total of $4,960.79.  Finding in favor of Wilson and State Farm, the jury awarded Wilson his out-of-pocket damages of $1,384.77, which included car rental expenses and his $500 deductible; however, the jury awarded State Farm nothing.

According to the bystander’s report, the trial court excused State Farm from having a representative present at trial.  Nevertheless, defendant argued to the court that State Farm did not meet its burden of proof because no evidence was presented that State Farm paid for Wilson's damages. 

ANALYSIS

We first note that defendant has not filed an appellee’s brief before this court.  Because the record regarding the issues on appeal is simple and the claimed errors can be decided without the aid of an appellee’s brief, we will decide the merits of this appeal on the appellant’s brief alone. 
In re Marriage of Loomis
, 348 Ill. App. 3d 972, 974, 810 N.E.2d 633, 635 (2004), citing 
First Capitol Mortgage Corp. v. Talandis Construction Corp
., 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976).  

TRIAL COURT’S DENIAL OF PLAINTIFF’S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND MOTION FOR A NEW TRIAL

State Farm first asserts that the trial court abused its discretion by denying its motion for judgment notwithstanding the verdict and its motion for a new trial.  State Farm contends that the court’s ruling was contrary to the manifest weight of the evidence and that the jury’s findings were unreasonable, arbitrary and not based upon the evidence.  State Farm argues that defendant’s negligence was proven at trial and that the jury’s verdict was inconsistent with that proof, because under the theory of subrogation, State Farm’s cause of action arises from its contract with Wilson.  State Farm and Wilson’s liability issues were identical and therefore it is inconsistent to find in favor of Wilson and State Farm but only award damages to Wilson.  Further, State Farm asserts that its subrogation rights were never at issue at trial because defendant failed to file an answer to the plaintiff’s amended complaint, thus admitting all allegations in the complaint.   

A judgment notwithstanding the verdict is entered “ ‘only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors [the] movant that no contrary verdict based on that evidence could ever stand.’ ”  
Merrill v. Hill
, 335 Ill. App. 3d 1001, 1004, 783 N.E.2d 152, 155 (2002), quoting 
Pedrick v. Peoria & Eastern R.R. Co.
, 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513 (1967).  In 
Allstate Insurance Co. v. Mahr
, 328 Ill. App. 3d 915, 916, 767 N.E.2d 494, 496 (2002), the court held that the trial court could not grant a judgment notwithstanding the verdict to increase the damages awarded because a judgment notwithstanding the verdict is limited to liability issues.  Here, the amount of damages, not liability, is at issue; therefore, the trial court properly denied State Farm’s motion for judgment notwithstanding the verdict.   

We next consider State Farm’s contention that the trial court erred in denying its motion for a new trial.  A court will order a new trial if the verdict is contrary to the manifest weight of the evidence, meaning where the opposite conclusion is clearly evident or the jury’s findings are unreasonable, arbitrary and not based upon any of the evidence.  
Maple v. Gustafson
, 151 Ill. 2d 445, 454, 603 N.E.2d 508, 512-13 (1992).  A trial court has the discretion to grant a motion for a new trial, and absent a clear abuse of discretion, its decision will remain undisturbed.  
Maple
, 151 Ill. 2d at 455, 603 N.E.2d at 512-13.  To determine whether a trial court abused its discretion, a reviewing court should consider whether the jury’s verdict was supported by the evidence and whether the losing party was denied a fair trial.  
Maple
, 151 Ill. 2d at 455, 603 N.E.2d at 513 (court did not abuse discretion in denying plaintiff’s motion for new trial because credibility issues existed in regard to plaintiff’s medical treatments).  Where evidence exists to support the jury verdict, it is an abuse of discretion to grant a motion for a new trial.  
Maple
, 151 Ill. 2d at 456, 603 N.E.2d at 513.  

Applying the standard set forth in 
Maple
, we find the jury’s verdict unreasonable, arbitrary and not based on any of the evidence.  Defendant admitted causing the collision, and the liability issues between Wilson and State Farm are indistinguishable.  However, the jury awarded Wilson all of his out-of-pocket damages and awarded State Farm nothing.  Under the theory of subrogation, State Farm’s cause of action arises from the insurance contract it has with Wilson.  The bystander’s report indicates that plaintiffs submitted all the bills into evidence and Wilson testified that all of the bills had been paid; therefore, the jury was unreasonable in awarding to Wilson all of his costs but not also awarding State Farm the total amount of its damages.  The fact that some of the expenses were paid by Wilson and others were covered by State Farm as his insurer does not alter defendant’s liability or the total compensation that plaintiffs should be awarded.  For those reasons, we agree with State Farm that the trial court erred in denying its motion for a new trial.   See generally 
Holton v. Memorial Hospital
, 176 Ill. 2d 95, 120, 679 N.E.2d 1202, 1213 (1997) (although court found defendant not entitled to judgment notwithstanding the verdict, defendant entitled to a new trial because certain errors may have prejudiced jury).  

NEW TRIAL ON DAMAGES OR ADDITUR

State Farm next contends that the trial court abused its discretion by denying State Farm’s motion for a new trial on damages only or additur.  State Farm argues that the liability in this situation is clear, that a new trial on damages only would not be unfair to defendant and that the record does not suggest a compromise verdict.  State Farm points out that the jury returned a verdict in favor of Wilson and State Farm against defendant and thus determined defendant’s liability.  State Farm asserts that because the paid auto repair bill, medical bill and car rental bill were presented to the jury, the issue of damages is separate from the question of liability. 

A new trial can be ordered if damages are “manifestly inadequate” or if proven elements of damages were ignored or do not present a reasonable relationship to the amount of damage incurred.  
Merrill
, 335 Ill. App. 3d at 1006, 783 N.E.2d at 157, citing 
Hollis v. R. Latoria Construction, Inc.
, 108 Ill. 2d 401, 407, 485 N.E.2d 4, 6 (1985).   A new trial on damages may be ordered where (1) the jury's verdict on the question of liability is amply supported by the evidence; (2) the questions of damages and liability are so separate and distinct that a trial limited to the question of damages is not unfair to the defendant; and (3) the record suggests neither that the jury reached a compromise verdict, nor that, in some other identifiable manner, the error which resulted in the jury's awarding inadequate damages also affected its verdict on the question of liability.  
Merrill
, 335 Ill. App. 3d at 1006-07, 783 N.E.2d at 157; 
Hollis
, 108 Ill. 2d at 408, 485 N.E.2d at 7 (1985)
.  In the alternative, additur is used to correct an omission of a liquidated damage or an easily calculated item of damage; however, 
additur can only be used to increase an award if defendant consents to it as an alternative to a new trial, even if the damages are liquidated or the evidence of damages is essentially undisputed.  
Merrill
, 335 Ill. App. 3d at 1006, 783 N.E.2d at 157; 
Mahr
, 328 
Ill. App. 3d
 at 917, 767 
N.E.2d
 at 496.   

In 
Merrill
, the plaintiff appealed because the jury found the defendant negligent but did not award the full amount of proven damages; the appellate court ordered a new trial on damages, finding that the case satisfied all the above criteria.  
Merrill
, 335 Ill. App. 3d at 1007, 783 N.E.2d at 157.  Illinois courts have held that an automobile repair bill is 
prima facie 
evidence of the necessity of such repairs.  
Merrill
, 335 Ill. App. 3d at 1007, 783 N.E.2d at 157, quoting 
Ross v. Cortes
, 95 Ill. App. 3d 772, 773, 420 N.E.2d 846, 848 (1981) (court ordered a new trial on damages only, or additur if defendant consented, when jury did not award plaintiff the full amount he personally paid, even though evidence proved the larger amount of total damages).  

This case meets the criteria for a new trial on damages only, unless defendant consents on remand to an additur of $4,960.77.  The first requirement is met: evidence of damages is amply supported by the receipts and testimony at trial.  The record reveals copies of all paid bills stemming from the collision.  Second, the issues of liability and damages are separate in this case.  Defendant admitted that he caused the collision, and damages are separate and easily determinable.  Third, there is no indication in the record that the jury reached a compromise verdict.  The bystander’s report indicated that defendant admitted liability at trial.  Further, State Farm was not a party to the collision; therefore, no liability could be assessed against State Farm.  The jury could not have awarded no damages to State Farm under the theory that State Farm bore some liability for the cause of the accident.  Finally, the damages requested by State Farm are fixed and liquidated.  
Ross
, 95 Ill. App. 3d at 774-75, 420 N.E.2d at 848-49.

CLOSING REMARKS BY DEFENDANT’S COUNSEL

Given the above findings, we need not address State Farm's contention that it is entitled to a new trial on damages because defendant’s counsel made improper and inappropriate remarks in closing argument that prejudiced State Farm’s case.  

CONCLUSION

For all of the reasons stated herein, we reverse the circuit court's order denying State Farm's motion for a new trial.  This case is remanded for a new trial on damages only, unless defendant consents to additur in the amount of $4,960.77.  

Reversed and remanded.  

O'BRIEN and NEVILLE, JJ., concur.