2019 IL App (1st) 190171-U

No. 1-19-0171

Order filed December 26, 2019

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

| | | |
|---|---|---|
| FAIRFIELD COURT CONDOMINIUM ASSOCIATION, | ) ) ) | |
| Plaintiff-Counterdefendant-Appellee, | ) ) | Appeal from the Circuit Court of |
| v. | ) ) | Cook County |
| GAZI ALAM, SHAMIMA AKTAR, AND ALL UNKNOWN OCCUPANTS, | ) ) ) | No. 16M1721372 |
| Defendants, | ) ) ) | Honorable Joel Chupack, Judge Presiding. |
| (Gazi Alam, | ) ) | |
| Defendant-Counterplaintiff-Appellant). | ) | |

_____

JUSTICE BURKE delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the judgment of the circuit court where appellee's demand for possession was not defective, appellant was properly served, and where we presume, based on the state of the record, that the trial court's judgment was in conformity with the law and had a sufficient factual basis.

¶ 2    Appellant, Gazi Alam, *pro se*, appeals from an order of the circuit court of Cook County dismissing his affirmative defenses and counterclaims against plaintiff, Fairfield Court Condominium Association (Fairfield), and entering an eviction order granting Fairfield possession of property owned by appellant. On appeal, appellant contends that the court erred in accepting Fairfield's "demand for possession" notice. Appellant also asserts that he was improperly served with notice of the demand for possession. Appellant further contends that the court erred in allowing a third party to testify at trial while Fairfield was not present in the courtroom and that the court erred in failing to verify the accuracy of the amount Fairfield sought to recover. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4    The record shows that Fairfield filed a complaint for possession of a condominium unit and judgment for unpaid assessments against appellant, defendant Shamima Aktar, and all unknown occupants. Fairfield alleged that appellant and Aktar were the legal owners of a condominium unit in a building managed by Fairfield located at 6331 North Fairfield Avenue in Chicago, Illinois. Fairfield asserted that pursuant to the Declaration of Condominium, unit owners were required to pay monthly and special assessments and other common expenses. Fairfield contended that if an owner failed to pay assessments, the Board of the condominium had the power to maintain an action in forcible entry and detainer against the owner. Fairfield asserted that as of October 11, 2016, appellant and Aktar had failed to pay common expenses as required in the amount of $7,170. Fairfield maintained that it sent appellant and Aktar a demand for possession for the unpaid assessments on October 11, 2016. Despite these demands, appellant and Aktar continued to refuse to pay the assessments due and, thus, Fairfield contended that it was entitled to possession of the property.

¶ 5    Fairfield attached the demand for possession to its complaint, which was a notice to appellant and Aktar that they were in default for their payment of assessments in the amount of $7,170. Fairfield also attached statements showing the amount due, which detailed appellant and Aktar's assessments payments and missed payments from April 2009 through October 2016.

¶ 6    Appellant, who was also *pro se* before the trial court, filed affirmative defenses, alleging, *inter alia*, that Fairfield failed to properly serve him because the demand for possession was not served upon a family member at his usual place of abode. Appellant subsequently filed a counterclaim in which he alleged that in 2010, "after bench trial," Fairfield "mutually agreed" to pay him $275 each month until a sum of nearly $7,900 had been paid off. Appellant contended that the $275 would be deducted from his monthly assessments to the condominium association. Appellant also raised a number of contentions regarding the condominium association's spending on certain projects.

¶ 7    Fairfield filed a motion to dismiss appellant's affirmative defenses and counterclaims pursuant to sections 2-615 and 2-619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619(a)(9) (West 2016)). In its motion, Fairfield contended that appellant failed to establish the existence of any agreement or trial court ruling in 2010 whereby Fairfield would pay him nearly $7,900. Fairfield asserted that the remainder of his claims failed to state a claim for which relief could be granted. With regard to appellant's claim for improper service, Fairfield contended that it "made a mistake and inadvertently" provided the wrong notice to appellant. Fairfield attached the proper notice to its motion indicating that the sheriff had served appellant by substitute service at his place of residence.

¶ 8    After further briefing, the trial court struck appellant's affirmative defenses and counterclaims without prejudice. Appellant filed amended counterclaims again raising the 2010

court order and "mutual agreement" of the parties for Fairfield to pay appellant nearly $7,900. Appellant attached exhibits to his counterclaims, which he contended showed the 2010 ruling and agreement. Fairfield filed a motion to strike appellant's counterclaims. Fairfield acknowledged that the trial court found against it in the 2010 proceeding, but maintained that there was no evidence suggesting that the court awarded appellant any monetary relief or that the parties "mutually agreed" to any payment plan.

¶ 9     The circuit court dismissed appellant's counterclaims with prejudice and set the matter for trial. There is no evidence of any trial in the record, but the court subsequently entered an eviction order granting Fairfield possession of the property. The court also ordered appellant to pay a total judgment of $22,482.21, encompassing rent or assessments, court costs, and attorney fees. Appellant now appeals.

¶ 10                            II. ANALYSIS

¶ 11     On appeal, appellant contends that the court erred in accepting Fairfield's "faulty" demand for possession and improper service. Appellant also asserts that the court erred in allowing a third party to testify during trial while Fairfield was not present. Finally, appellant contends that the court erred in failing to verify the accuracy of Fairfield's claim for missed assessment payments in the amount of $7,170.

¶ 12                    A. Record and Appellant's Brief

¶ 13     We initially note that Fairfield has not filed a brief before this court. We will nonetheless decide the merits of this appeal because we can decide the claimed errors without the aid of an appellee's brief. See *State Farm Mutual Insurance Co. v. Ellison*, 354 Ill. App. 3d 387, 388 (2004); see also, *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). Although appellant's brief is disorganized and portions of it fail to comply with Illinois Supreme

Court Rule 341(h) (eff. May 25, 2018)), we nonetheless will address the merits of this appeal to the extent we are able. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

¶ 14 We also observe that large portions are missing from the record filed on appeal. For instance, the trial court's orders refer to a trial, but there is no trial evidenced in the record and no report of proceedings from a trial. It is well-settled that the appellant has the burden to present a sufficiently complete record of the proceedings in the circuit court to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392. We are cognizant of appellant's *pro se* status, but this does not excuse him from meeting his burden on appeal. *Teton, Tack & Feed, LLC v. Jimenez*, 2016 IL App (1st) 150584, ¶ 19. We will nonetheless attempt to fully and fairly consider appellant's claims based on the record before us.

¶ 15                                    B. Demand for Possession

¶ 16 Appellant first claims that Fairfield's demand for possession was "faulty" because appellant already made the payments requested and the demand did not specify a time period for the missed payments. We first observe that appellant did not raise an issue regarding the propriety of the demand for possession in the trial court. It is well-settled that issues not raised in the trial court are forfeited and cannot be raised for the first time on appeal. *Cambridge Engineering, Inc. v. Mercury Partners 90 BI, Inc.*, 378 Ill. App. 3d 437, 456 (2007) ("An appellant may not raise an issue for the first time on appeal; issues not raised below are considered waived."). Thus, we may consider appellant's challenge to the demand for possession waived.

¶ 17    Nonetheless, we observe that Fairfield's demand for possession was not defective, as appellant suggests. Appellant contends that Fairfield's demand for possession failed to comply with section 9-104.1 of the Code because it did not set forth "the amount claimed which must be paid within the time prescribed in the demand and the time period or periods when the amounts were originally due." 735 ILCS 5/9-104.1 (West 2014). This contention, however, is belied by the record. The demand clearly sets forth the amount due—$7,170—and provides that it must be paid within 30 days. The statements produced by Fairfield also show "the time period or periods when the amounts were originally due." Accordingly, we find that the demand complies with section 9-104.1.

¶ 18    Appellant's second part of this contention, that the payments had already been made, appears to be based on the same contentions raised in the trial court regarding the 2010 proceeding. Essentially, appellant claimed that in 2010, the circuit court found in his favor in some matter against Fairfield. As part of that judgment, Fairfield was required to pay him nearly $7,900. Appellant maintains that the parties mutually agreed that appellant would recoup that amount in monthly installments in lieu of paying his condominium assessments. The only evidence appellant presented regarding this judgment was a "Trial Call Order" attached to his amended counterclaims. This document shows a judgment entered in October 2010 in which the court found that Fairfield "failed to meets its burden of proof." The court entered judgment in favor of appellant and dismissed the case. This single document, however, does not establish evidence of any monetary judgment in appellant's favor, nor does it show any mutual agreement between the parties. Appellant thus failed to present any evidence supporting the existence of such a judgment or agreement between the parties both in the trial court and before this court. As such, we find no merit to this claim.

¶ 19                                    C. Improper Service

¶ 20    Appellant next contends that Fairfield failed to properly serve him with the demand for possession. He asserts that the affidavit of the special process server states that the demand was served at 6331 North Fairfield Avenue, Unit #103, which is not appellant's residence. Appellant asserts that his unit number at 6331 North Fairfield Avenue is #202. Appellant raised this contention before the trial and Fairfield acknowledged that it had initially produced the incorrect notice of service. Fairfield attached the correct service notice to its motion to dismiss appellant's affirmative defenses and counterclaims. That document indicates that appellant was served by the Cook County sheriff by substitute service at 6331 North Fairfield Avenue, Unit #202. Accordingly, we find no infirmities with Fairfield's service of the demand for possession.

¶ 21                               D. Third Party Trial Testimony

¶ 22    Appellant next contends that the trial court erred in permitting a third party to testify during trial while plaintiff was not present. Appellant contends that he objected to the testimony at trial because the witness had "nothing to do with the case," but the trial court "ignored" his concerns. As noted, there is nothing in the record concerning the trial aside from scant references from the trial court in its written orders regarding a trial date. There is no suggestion, for instance, that the third party testified, that Fairfield was not present in court, that appellant objected to the testimony, that the testimony was irrelevant to the issues at trial, or that the trial court "ignored" appellant's objections as he suggests. As noted, appellant has the burden to present a sufficiently complete record of the proceedings in the circuit court to support a claim of error. *Foutch*, 99 Ill. 2d at 391. "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392.

Accordingly, we presume that the trial court acted in conformity with the law in conducting the trial.

¶ 23                                    E. The Accuracy of Plaintiff's Claim

¶ 24    Finally, appellant contends that the court erred in failing to verify the "[g]enuineness and accuracy" of Fairfield's claims. Appellant contends that Fairfield produced documents showing that he owed $7,170 in unpaid assessments, but he produced conflicting documents showing that he had not missed any payments. Appellant contends that he brought this objection to the attention of the trial court "with proof of payments in hand during [t]rial," but that trial court again "ignored" him.

¶ 25    We first observe that there are no documents in the record showing appellant's payments of the assessments as appellant contends.[1] We also note that this claim seemingly conflicts with appellant's other claim that he was not required to pay assessments during this time period because of a mutual agreement between the parties based on the 2010 proceeding. Nonetheless, the record shows that Fairfield's claim was amply supported by documentary evidence and we presume, based on the state of the record, that any inconsistencies or deficiencies were addressed by the trial court at trial. The record clearly shows that the trial court made some determination regarding the amount owed because the demand for possession sought only $7,170 in unpaid assessments, but in the eviction order, the trial court awarded Fairfield $15,415.21 in "rent or assessments." The

---

[1] Appellant attempts to supplement the record by including copies of checks made payable to Fairfield in the appendix to his brief. This is not the proper method of supplementing the record. See, *e.g.*, *Pikovsky v. 8440–8460 North Skokie Boulevard Condominium Ass'n, Inc.*, 2011 IL App (1st) 103742, ¶ 16 ("a reviewing court will not supplement the record on appeal with the documents attached to the appellant's brief on appeal as an appendix, where there is no stipulation between the parties to supplement the record and there was no motion in the reviewing court to supplement the record with the material"). Moreover, several of the checks are dated well after the trial court's ruling in this case, demonstrating that they were never before the trial court. Accordingly, we will not consider these additional documents.

record shows that the trial court thus accepted Fairfield's representations regarding appellant's lack of payments. We presume that this judgment was entered in conformity with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 391.

¶ 26                                              III. CONCLUSION

¶ 27     For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 28     Affirmed.